**MORGAN, LEWIS & BOCKIUS LLP**
Melissa D. Hill
Liliya P. Kramer
101 Park Avenue
New York, NY 10178-0060
Tel.:  (212) 309-6000
Fax:  (212) 309-6001

*Attorneys for Defendant Prime Now LLC*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X
MANDELA T. BROCK,

        Plaintiff,

    v.

AMAZON PRIME, JEFF BEZOS,
ALEX MARTIN LOPEZ,

        Defendants.
---------------------------------------------------------------------X

Civil Action No. _____

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Prime Now LLC[1] ("Defendant," or "Prime Now LLC") hereby removes this action from the Supreme Court of the State of New York, County of New York, where it is pending, to the United States District Court for the Southern District of New York.  In support of this Notice of Removal, Defendant states as follows:

### I.   FACTUAL BACKGROUND

1.   Plaintiff Mandela T. Brock ("Plaintiff" or "Brock") was employed by Prime Now LLC.

---

[1] Defendant Prime Now LLC is incorrectly named in the Complaint as "AMAZON PRIME".

2. On September 15, 2020, Plaintiff commenced an action in the Supreme Court of the State of New York for the County of New York, captioned *Mandela T. Brock v. AMAZON PRIME, Jeff Bezos, Alex Martin Lopez*, Index No. 100841/2020 (the "Complaint")[2]. *See* Summons with Notice and Complaint, attached hereto as Exhibit A.

3. Plaintiff's Complaint alleges facts and causes of action that sound of claims for discrimination, retaliation, hostile work environment, wrongful termination, slander, libel, breach of contract, theft of wages, and conspiracy to steal wages, theft of services, and conspiracy to steal services, defamation, and falsifying business records, among other causes of action Defendant cannot readily decipher from the Complaint. Plaintiff also accuses Defendant of bearing false witness, violating due process, and conspiring to violate due process. *See* Compl. ¶¶ 26-60.

4. Plaintiff seeks compensatory damages and punitive damages in the amount of $15,000,000. Compl. ¶¶ 61 and "Wherefore" clause.

5. True and correct copies of all process filed with the Supreme Court in the state court action are attached hereto as Exhibits A through D.

## II. REMOVAL IS TIMELY

6. The Individual Defendants named in the Complaint have not been properly served with the Summons and Complaint. *See* Exhibit C (Affidavit of Service). As the Affidavit of Service states, copies of the Summons and Complaint were mailed to two addresses, in New York and Seattle, Washington. Based on the Affidavit of Service filed by Plaintiff, proper

---

[2] Defendant Prime Now LLC removes this matter to the Southern District of New York. Defendant refers to the named individuals, Jeff Bezos or Alex Martin Lopez together, as "Individual Defendants" throughout this notice.

service was not effectuated on the Individual Defendants. Specifically, Plaintiff has made no attempt to serve the Individual Defendants personally and instead has only attempted service by mail. As such, service under CPLR §308 has not been effectuated. Similarly, under CPLR §312-a, which allows for personal service by mail, "[s]ervice is complete on the date the signed acknowledgement of receipt is mailed or delivered to the sender." Plaintiff has provided no such acknowledgment of receipt, and upon information and belief, the Individual Defendants have not acknowledged receipt.

7. A defendant may remove an action before it or any other defendant has been served. *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699 (2d Cir. 2019). Accordingly, this Notice of Removal is timely under 28 U.S.C. §§ 1446(b).

8. To the extent that this Court deems service upon the Individual Defendants as proper, removal is still timely because this action has been removed within 30 days of receipt of the Summons or Complaint, through service or otherwise. 28 U.S.C. §§ 1446(b)(1); *See* Exhibit C (Affidavit of Service) (stating that the Summons and Complaint were mailed on September 28, 2020).

9. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

### III. REMOVAL IS PROPER PURSUANT TO 28 U.S.C. § 1441(b)

10. Defendant seeks removal of this action pursuant to 28 U.S.C. § 1441(b) on the ground that the above-captioned matter is a civil action over which this Court has original diversity jurisdiction under 28 U.S.C. § 1332.

11. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because Defendant Prime Now LLC and Plaintiff are citizens of different states and the amount in controversy alleged in the Complaint exceeds $75,000.00, exclusive of interest and costs.[3]

### A. The Amount in Controversy Requirement is Satisfied.

12. Plaintiff's Complaint alleges damages in an amount of $15,000,000. *See* Compl. ¶¶ 61 and "Wherefore". This satisfies the amount in controversy requirement for purposes of removal. *Pinson v. Knoll, Inc.*, No. 07-1739, 2007 WL 1771554, at *3 (S.D.N.Y. June 18, 2007).

### B. Diversity of Citizenship Exists.

13. Upon information and belief, Plaintiff is a citizen of the State of New York. *See* Summons with Notice, Ex. A.

14. Prime Now LLC[4] is a wholly-owned, indirect subsidiary of Amazon.com, Inc. Prime Now LLC is a limited liability company, and therefore "takes the citizenship of each of its members." *See* <u>Ergowerx Int'l, LLC v. Maxell Corp. of Am.</u>, 18 F. Supp. 3d 453, 455 (S.D.N.Y. 2014), <u>*aff'd,*</u> 615 F. App'x 689 (Fed. Cir. 2015) (citations omitted). None of Prime Now LLC's

---

[3] This Notice of Removal addresses the alleged nature and amount of damages placed at issue by Plaintiff's Complaint. Defendant's reference to alleged damages amounts and its citation to comparable cases are provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Defendant maintains that Plaintiff's claims are without merit and that Defendant is not liable to Plaintiff. Defendant specifically denies that Plaintiff has suffered any damage as a result of any act or omission by Defendant. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages amounts based upon the allegations contained in the Complaint or otherwise. Defendant also reserves its right to compel arbitration of the claims alleged by Plaintiff.

[4] As noted, "Amazon Prime" is an improperly named entity, and upon information and belief, does not exist as a legal entity.

members, nor does Prime Now LLC itself, maintain a principal place of business or is incorporated in New York. *See* Declaration of Zane Brown ¶ 3. Prime Now LLC contains one sole member, which is wholly-owned by Amazon.com Services, Inc. Amazon.com Services Inc. is wholly-owned by Amazon.com Inc. None of the aforementioned entities are incorporated under the laws of the State of New York, nor do any have a principal place of business in New York. *See* Declaration of Zane Brown ¶ 3.

15. Accordingly, Defendant Prime Now LLC is a citizen of Delaware and Washington and is not a citizen of the State of New York.

16. Plaintiff's Complaint does not allege the citizenship of defendants Jeff Bezos or Alex Martin Lopez.

17. "In this Circuit, when a plaintiff launches a state court action against multiple defendants, including both in-state and out-of-state residents, an out-of-state residing defendant may remove the case if they effect removal before the plaintiff serves the initial complaint on the in-state defendants." *Hardman v. Bristol-Myers Squibb Co.*, No. 18-11223, 2019 WL 1714600, at *1 (S.D.N.Y. Apr. 17, 2019).

18. Upon information and belief, the Individual Defendants have not been served with the Summons and Complaint. Thus, the Court has jurisdiction over this action regardless of the citizenship of the Individual Defendants and removal is proper under 28 U.S.C. § 1441(b).

19. Because the Individual Defendants have not been served in this action, their consent to removal is not required. *In re WorldCom, Inc. Securities Litig.*, 293 B.R. 308 (S.D.N.Y. 2003); *see also* 28 U.S.C. § 1446(b)(2)(A).

**IV.   REMOVAL IS PROPER PURSUANT TO 28 U.S.C. § 1441(a)**

20. Even if the Individual Defendants had been served properly in this action, and no even if there was no diversity between the parties, removal of this action would still be proper pursuant to 28 U.S.C. § 1441(a) on the ground that the above-captioned matter is a civil action over which this Court has original federal question jurisdiction under 28 U.S.C. § 1331.

21. As set forth in 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

22. Plaintiff's claims in the Complaint arise out of a federal question, including but not limited to Title VII, 42 U.S.C. § 2000e.

23. The Complaint seeks relief under federal law based on the Plaintiff's employment with Defendant. With respect to the allegations in the Complaint, Plaintiff claims that Defendant "violated his rights under the…United States Labor laws as well as Constitutional rights and guarantees established in the Bill of Rights." *See* Compl. ¶¶ 30. As such, Plaintiff has invoked a federal question in the Complaint and removal to this Court is proper pursuant to 28 U.S.C. §§ 1441 and 1446.

24. To the extent Plaintiff alleges any state law claims, this Court has supplemental jurisdiction over those claims. A court has supplemental jurisdiction over additional claims when those claims are sufficiently related to form part of the same case or controversy. *See* 28 U.S.C. § 1367(a); *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 92-93 (S.D.N.Y. 2001). If that is the case, no independent basis for subject matter jurisdiction needs to be shown. S*ee, e.g., Dunlop-McCullen v. Pascarella*, No. 97 Civ.0195, 2002 WL 31521012, at *10 (S.D.N.Y. Nov. 13, 2002) ("[I]f [Plaintiff's] state law claims arise from the *same set of facts* as

other claims in the case, it does not matter that this Court does not have independent subject matter jurisdiction over the union's New York claims.") (emphasis added).

V. **THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED.**

25. Plaintiff's state court action, which was commenced in the Supreme Court of the State of New York, County of New York, may be removed to the United States District Court for the Southern District of New York because it is the federal district court which embraces New York County within its jurisdiction.

26. This Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b).

27. A copy of this Notice of Removal has been served upon Plaintiff by overnight Federal Express, and a copy of the Notice of Removal is being filed with the Clerk of the Supreme Court for the State of New York, County of New York, pursuant to 28 U.S.C. § 1446(b).

28. By filing a Notice of Removal in this matter, Defendant does not waive its right to assert any and all defenses and/or objections in this case.

WHEREFORE, Defendant respectfully requests that the above-captioned action pending against it in the Supreme Court of the State of New York, County of New York, be removed therefrom to this Court for further proceedings.

Dated: October 28, 2020
New York, New York

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Melissa D. Hill*
Melissa D. Hill
Liliya P. Kramer
101 Park Avenue
New York, New York 10178
Tel: (212) 309-6000
melissa.hill@morganlewis.com
liliya.kramer@morganlewis.com
*Attorneys for Defendant Prime Now LLC*

## **CERTIFICATE OF SERVICE**

      I hereby affirm that I caused to be served a true and correct copy of Defendant's Notice of Removal by e-mail, this 28th day of October 2020, and by Federal Express, this 29th day of October 2020 on:

Mandela Brock
2850 Frederick Douglas Boulevard
Apt. 5B
New York, New York 10039
*Plaintiff*

                                     /s/ Liliya P. Kramer
                                        Liliya P. Kramer